(June 30, 1955.)

J. Erwin Hyney, Respondent, v. Marie Nielsen et al., as Executors of Gerald B. Nielsen, Deceased, et al., Appellants.—

892

Wenzel and Schmidt, JJ., concur; Nolan, P. J., and Beldock, J., concur, with the following memorandum: We are of the opinion that the agreement between respondent and the decedent does not indicate any intention to impress decedent's stock exchange seat with a lien to secure decedent's indebtedness to respondent. The language employed in the agreement, as well as the fact that, to the knowledge of the parties, decedent's continued ownership and use of his membership in the exchange could subject the proceeds of a sale of his seat to the payment of claims of others, in priority to respondent's claim, negatived any such intent. (Cf. *Benedict* v. *Ratner,* 268 U. S. 353, and *Matter of Friedlander,* 178 Misc. 65.) Ughetta, J., dissents and votes to affirm, with the following memorandum: Respondent lent to the decedent a sum of money on decedent's agreement to retain a stock exchange seat. He was not to transfer or assign it until the loan had been repaid. Under the rules of the stock exchange the value of the seat, in the event of sale, was subject to certain specific charges and indebtednesses, if any, and the surplus was payable to the seat holder or his legal representatives. Respondent is chargeable with knowledge of, and the effect of, the rules. After decedent's death, the seat was sold for $13,000; the exchange deducted some $750, which was due under the rules, and paid the surplus into court. The judgment decrees that respondent has an equitable lien on the surplus proceeds and directs that they be paid to him. Under the agreement, respondent acquired an inchoate lien upon the surplus proceeds. It is immaterial that decedent had the power, under the rules, to reduce or extinguish the amount of the surplus proceeds. The prior lien created by the rules has been satisfied. (*Matter of Gruner,* 295 N. Y. 510; *Stevens* v. *Coolidge,* 154 App. Div. 884, affd. 211 N. Y. 604.)